AO 106 (Rev. 04/10)  Application for a Search Warrant

# UNITED STATES DISTRICT COURT

for the

Eastern District of Virginia



**CLERK, U.S. DISTRICT COURT**
**ALEXANDRIA, VIRGINIA**

FEB 2 7 2018

In the Matter of the Search of
*(Briefly describe the property to be searched*
*or identify the person by name and address)*

ONE LG LS-993 CELLULAR TELEPHONE, S/N
703KPDT0082474, IN LAW ENFORCEMENT
CUSTODY, 2100 JAMIESON AVE., ALEXANDRIA, VA

Case No.  1:18-SW-124

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the _____Eastern_____ District of _____Virginia_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2251 and 2252A | Production, distribution, transportation, receipt, and possession of child pornography |

The application is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested
under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Special Agent Christopher A. Ford, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 27 Feb 18

City and state:  Alexandria, Virginia

_____ /s/ _____

Ivan D. Davis
**United States Magistrate Judge**

**ATTACHMENT A**
Description of Property to be Searched

The property to be searched is an LG LS-993 cellular phone, serial number

703KPDT0082474 (the "SUBJECT DEVICE"). The SUBJECT DEVICE is currently located at

2100 Jamieson Avenue in Alexandria, Virginia.

This warrant authorizes the forensic examination of the SUBJECT DEVICE for the

purpose of identifying the electronically stored information described in Attachment B.

**ATTACHMENT B**
Description of Items to be Seized

The following materials, which constitute evidence of the commission of a criminal

offense, contraband, the fruits of crime, or property designed or intended for use or which is or

has been used as the means of committing a criminal offense, namely violations of Title 18,

United States Code, Sections 2251 and 2252A:

1.   The SUBJECT DEVICE.

2.   Records and information relating to the production, distribution, transportation, receipt,

    or possession of visual depictions of minors engaged in sexually explicit conduct,

    including any visual depictions of children such as child pornography (as defined in 18

    U.S.C. § 2256) and child erotica, and any records which may assist in the identification

    of those children.

2.   Records and information relating to the use of Kik Messenger or Adult Friend Finder,

    as well as records and information relating to the use of the username

    MGMFREEDOM on Kik Messenger, Adult Friend Finder, or any other platform.

3.   Evidence of who used, owned, or controlled the SUBJECT DEVICE at the time the

    things described in this warrant were created, edited, or deleted, such as logs, registry

    entries, configuration files, saved usernames and passwords, documents, browsing

    history, user profiles, email, email contacts, "chat," instant messaging logs,

    photographs, and correspondence;

4.   Evidence of software that would allow others to control the SUBJECT DEVICE, such

    as viruses, Trojan horses, and other forms of malicious software, as well as evidence

    of the presence or absence of security software designed to detect malicious software;

5.   Evidence of the lack of such malicious software;

6. Evidence indicating how and when the SUBJECT DEVICE was accessed or used to determine the chronological context of SUBJECT DEVICE access, use, and events relating to crime under investigation and to the SUBJECT DEVICE user;

7. Evidence indicating the SUBJECT DEVICE user's state of mind as it relates to the crime under investigation;

8. Evidence of the attachment to the SUBJECT DEVICE of other storage devices or similar containers for electronic evidence;

9. Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the SUBJECT DEVICE;

10. Evidence of the times the SUBJECT DEVICE was used;

11. Passwords, encryption keys, and other access devices that may be necessary to access the SUBJECT DEVICE;

12. Documentation and manuals that may be necessary to access the SUBJECT DEVICE or to conduct a forensic examination of the SUBJECT DEVICE;

13. Records of or information about Internet Protocol addresses used by the SUBJECT DEVICE;

14. Records of or information about the SUBJECT DEVICE's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses; and

15. Contextual information necessary to understand the evidence described in this attachment.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.



F I L E D

FEB 2 7 2018

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF: | |
| ONE LG LS-993 CELLULAR TELEPHONE, SERIAL NUMBER 703KPDT0082474 | Case No. 1:18-SW-124 |
| IN LAW ENFORCEMENT CUSTODY AT 2100 JAMIESON AVENUE, ALEXANDRIA, VIRGNIA 22314 | |

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Christopher A. Ford, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.       I am a Special Agent with Federal Bureau of Investigation (FBI) assigned to the Washington Field Office, Northern Virginia Resident Agency, and have been since May 01, 2016.  I am currently assigned to the Child Exploitation and Human Trafficking Task Force for the Washington Field Office.  Throughout my FBI employment, I have received training in general law enforcement and specialized areas of computer crimes and national security matters. As such, I have experience working with Internet Service Providers and analyzing email content and metadata, as well as other sources of data derived from computer systems.

2.       I make this affidavit in support of an application for a search warrant pursuant to Rule 41 of the Federal Rules of Criminal Procedure to search an LG LS-993 cellular telephone, serial number 703KPDT0082474, recovered from the person from Michael G. Moody (the "SUBJECT DEVICE"), further described in Attachment A, for the things described in Attachment B.  The SUBJECT DEVICE is currently located at 2100 Jamieson Avenue, Alexandria, Virginia 22314, within the Eastern District of Virginia.  Although Moody has given

1

the FBI consent to search the SUBJECT DEVICE, and no warrant is thus necessary, I seek this warrant out of an abundance of caution.

3.     I have probable cause to believe that located within the SUBJECT PREMISES are contraband and evidence, fruits, and instrumentalities of a crime, specifically violations of 18 U.S.C. §§ 2251 and 2252A.

4.     The statements contained in this affidavit are based in part on information provided by FBI Special Agents and other law enforcement officials; written reports about this and other investigations that I have received, directly or indirectly, from other law enforcement agents; information gathered from the service of administrative subpoenas; the results of physical and electronic surveillance conducted by law enforcement agents; independent investigation and analysis by FBI agents/analysts and computer forensic professionals; and my experience, training and background as a Special Agent with the FBI. Because this affidavit is being submitted for the limited purpose of securing authorization for the requested search warrant, I have not included each and every fact known to me concerning this investigation. Instead, I have set forth only the facts that I believe are necessary to establish probable cause for the requested warrant.

## RELEVANT STATUTES

5.     ***Title 18, U.S. Code, Section 2251(a) relating to sexual exploitation of children:*** I understand that Section 2251 states, in relevant part, that:

   a. Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction

of such conduct or for the purpose of transmitting a live visual depiction of such conduct shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

[....]

e.  Any individual who violates, or attempts or conspires to violate, this section shall be fined under this title and imprisoned not less than 15 years nor more than 30 years, but if such person has one prior conviction under this chapter, section 1591, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, abusive sexual contact involving a minor or ward, or sex trafficking of children, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned for not less than 25 years nor more than 50 years, but if such person has 2 or more prior convictions under this chapter, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State

relating to the sexual exploitation of children, such person shall be fined under this title and imprisoned not less than 35 years nor more than life. Any organization that violates, or attempts or conspires to violate, this section shall be fined under this title. Whoever, in the course of an offense under this section, engages in conduct that results in the death of a person, shall be punished by death or imprisoned for not less than 30 years or for life.

6. **Title 18, U.S. Code, Section 2252A, relating Certain activities relating to material constituting or containing child pornography:** I understand that Section 2252A provides that

    a. Any person who—

        1. knowingly mails, or transports or ships using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, any child pornography;

        2. knowingly receives or distributes—

            a. any child pornography that has been mailed, or using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; or

            b. any material that contains child pornography that has been mailed, or using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer;

        3. knowingly—

    a.   reproduces any child pornography for distribution through the mails, or using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer; or

    b.   advertises, promotes, presents, distributes, or solicits through the mails, or using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, any material or purported material in a manner that reflects the belief, or that is intended to cause another to believe, that the material or purported material is, or contains—

        a.   an obscene visual depiction of a minor engaging in sexually explicit conduct; or

        b.   a visual depiction of an actual minor engaging in sexually explicit conduct;

4.   either—

        a.   in the special maritime and territorial jurisdiction of the United States, or on any land or building owned by, leased to, or otherwise used by or under the control of the United States Government, or in the Indian country (as defined in section 1151), knowingly sells or possesses with the intent to sell any child pornography; or

        b.   knowingly sells or possesses with the intent to sell any child pornography that has been mailed, or shipped or transported

using any means or facility of interstate or foreign commerce
or in or affecting interstate or foreign commerce by any
means, including by computer, or that was produced using
materials that have been mailed, or shipped or transported in
or affecting interstate or foreign commerce by any means,
including by computer;

5.   either—

   a.   in the special maritime and territorial jurisdiction of the United
        States, or on any land or building owned by, leased to, or otherwise
        used by or under the control of the United States Government, or in
        the Indian country (as defined in section 1151), knowingly
        possesses, or knowingly accesses with intent to view, any book,
        magazine, periodical, film, videotape, computer disk, or any other
        material that contains an image of child pornography; or

   b.   knowingly possesses, or knowingly accesses with intent to view,
        any book, magazine, periodical, film, videotape, computer disk, or
        any other material that contains an image of child pornography that
        has been mailed, or shipped or transported using any means or
        facility of interstate or foreign commerce or in or affecting interstate
        or foreign commerce by any means, including by computer, or that
        was produced using materials that have been mailed, or shipped or
        transported in or affecting interstate or foreign commerce by any
        means, including by computer;

6

6. knowingly distributes, offers, sends, or provides to a minor any visual depiction, including any photograph, film, video, picture, or computer generated image or picture, whether made or produced by electronic, mechanical, or other means, where such visual depiction is, or appears to be, of a minor engaging in sexually explicit conduct—

    a. that has been mailed, shipped, or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer;

    b. that was produced using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer; or

    c. which distribution, offer, sending, or provision is accomplished using the mails or any means or facility of interstate or foreign commerce, for purposes of inducing or persuading a minor to participate in any activity that is illegal; or

7. knowingly produces with intent to distribute, or distributes, by any means, including a computer, in or affecting interstate or foreign commerce, child pornography that is an adapted or modified depiction of an identifiable minor.[1]

shall be punished as provided in subsection (b).

b.

    1. Whoever violates, or attempts or conspires to violate, paragraph (1), (2), (3), (4), or (6) of subsection (a) shall be fined under this title and

imprisoned not less than 5 years and not more than 20 years, but, if such person has a prior conviction under this chapter, section 1591, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children, such person shall be fined under this title and imprisoned for not less than 15 years nor more than 40 years.

2. Whoever violates, or attempts or conspires to violate, subsection (a)(5) shall be fined under this title or imprisoned not more than 10 years, or both, but, if any image of child pornography involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age, such person shall be fined under this title and imprisoned for not more than 20 years, or if such person has a prior conviction under this chapter, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned for not less than 10 years nor more than 20 years.

8

3. Whoever violates, or attempts or conspires to violate, subsection (a)(7) shall be fined under this title or imprisoned not more than 15 years, or both.

7. **_Title 18, U.S. Code, Section 2256(1)_** states that "minor" means any person under the age of eighteen years.

8. **_Title 18, U.S. Code, Section 2256(2)_** states:

a. Except as provided in subparagraph (b), "sexually explicit conduct" means actual or simulated—

1. sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;

2. bestiality;

3. masturbation;

4. sadistic or masochistic abuse; or

5. lascivious exhibition of the genitals or pubic area of any person.

9. **_Title 18, U.S. Code, Section 2256(8)_** states "child pornography" means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where—

a. the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct;

...

c. such visual depiction has been created, adapted, or modified to appear that an

identifiable minor is engaging in sexually explicit conduct.

## INVESTIGATION AND FINDINGS

10. At all times relevant to this affidavit, Michael G. Moody resided in Manassas Park, Virginia, within the Eastern District of Virginia. Moreover, Moody had access to Minor Victim 1, who is an identified minor born in 2009, who also resided in Manassas Park, Virginia.

11. On February 20, 2018, the FBI Washington Field Office was contacted by the Detroit Division of the FBI regarding a child pornography investigation currently being conducted by the Marysville, Michigan Police Department.

12. As part of the Marysville, MI investigation, on February 11, 2018, a search warrant was authorized by a Magistrate in the 72nd District Court for the State of Michigan for the residence of Bernard Charles Kirchoff in Marysville, Michigan. During the execution of that search warrant on February 12, 2018, Kirchoff consented to be interviewed by law enforcement.

13. Kirchoff advised law enforcement that he possessed images and videos of child pornography which he had received from other individuals via the internet and via the mobile messaging application Kik. Specifically, Kirchoff advised that a person with the Kik user name "MGMFREEDOM" had sent him images of child pornography through Kik.

14. Kirchoff further told law enforcement that MGMFREEDOM had sent him images of a young girl, some of which constituted child pornography. MGMFREEDOM described this girl as a minor that he knows personally and has access to. Additionally, MGMFREEDOM told Kirchoff that if Kirchoff traveled to Virginia, MGMFREEDOM would allow Kirchoff to have sex with this minor.

15. During the execution of the residential search warrant referenced above, law enforcement seized several items of electronic evidence, including a desktop computer and a

cellular telephone used by Kirchoff. These items were forensically analyzed pursuant to the search warrant.

16.    Forensic analysis of the cellular telephone revealed Kik Messenger conversations between Kirchoff and Kik user MGMFREEDOM between 12/24/2017 and 2/11/2018. In one message, from January 1, 2018 at 10:03 AM Kirchoff sent MGMFREEDOM a message stating "Give [variation of Minor Victim 1's name] a New Years hug and rub her little but [sic] for me." In response, at 10:04 AM EST, MGMFREEDOM sent Kirchoff an image file depicting an adult female and female child approximately 10 years old, whose faces are visible, each wearing only underwear and standing in a living room with their breasts exposed. Law enforcement has since determined that the young girl in the picture is Minor Victim 1. Visible tan lines appear around Minor Victim 1's breasts. MGMFREEDOM then sent a message stating "New yrs eve strip."

17.    At 10:22 AM EST on January 1, 2018, the following conversation occurred:

Kirchoff: Would love to see [variation of Minor Victim 1's name] again lost pic love that close up

MGMFREEDOM: [Sends an image depicting a close up shot of a prepubescent female child's vagina. The child is lying on her back with her legs spread apart, exposing her vagina and anus.]

MGMFREEDOM: This one

Kirchoff: Yes and spread those lips showing her clit.

MGMFREEDOM: Want u to fuck her

Kirchoff: Does she want a finger in her hole

Kirchoff: To start

MGMFREEDOM: [Sends an image which appears to have been taken at the same time and place as the first picture depicting the same child, whose face is partly visible, exposing dark, shoulder length hair. The child is spreading her buttocks apart, exposing her vagina and anus. The child's breasts also appear in the image. Those breasts have visible tan lines that are consistent with the tan lines described in Paragraph 16.]

MGMFREEDOM: No figures just the head to start

Kirchoff: Nice love that view

MGMFREEDOM: Pull her to the edge of the bed w her spreading herself and n

Kirchoff: Yes

MGMFREEDOM: I wanna watch

Kirchoff: Of course

MGMFREEDOM: Take her lil pussy

Kirchoff: Yes will feel good

MGMFREEDOM: After you enter ans make a few thrusts ioll leave u two alone

Kirchoff: I would have u start my slowly rubbing her slit from ass to front

MGMFREEDOM: Mmmm b4

Kirchoff: Yes licking her ass that would make her excited

MGMFREEDOM: Mmmmm yes As ur dick grows

Kirchoff: Yes

Kirchoff: Lick from ass to her pussy hole to get juice flowing

MGMFREEDOM: I spread her lips u rub yr dick on her slit

18.     In addition, some of the other messages between Kirchoff and MGMGFREEDOM include the distribution and receipt of other images and videos of child pornography. For example, on January 28, 2018 at 1:18 PM EST, user MGMFREEDOM sent Kirchoff a 1 minute and 59 second video file depicting a prepubescent male child, approximately 6 years old, whose face is not visible. The child is laying on his back, and an adult male is penetrating the child's anus with his penis. The adult then puts the child on his hands and knees and penetrates the child's anus again with his penis. On February 4, 2018, at 11:20 AM EST, user MGMFREEDOM sent Kirchoff an image file depicting an adult male engaged in mouth-to-penis contact with a prepubescent male child who is approximately 4 years old.

19.     In response to a search warrant from the 72nd District Court for the State of Michigan, Kik Messenger provided subscriber information for Kik user MGMFREEDOM.

12

Specifically, the information from Kik Messenger indicated that MGMFREEDOM provided Kik

with a confirmed email address of mgmfreedom73@gmail.com.  Kik also provided IP logs for the

MGMFREEDOM account between January 16, 2018 and February 15, 2018.  These IP logs

contain six separate Verizon Fios IP addresses as well as Sprint natting IP addresses which

accessed the account.

20.     In response to an exigent request, Verizon identified the subscriber of all six IP

addresses, at the date and times they were used to access the Kik account, as Moody's wife.  The

address associated with this account was Moody's address in Manassas Park, Virginia.

21.     In addition, in response to another search warrant from the 72nd District Court for

the State of Michigan, Google provided subscriber information for the email account

mgmfreedom73@gmail.com. Specifically, the information from Google indicated that the user of

the email address provided the name "Mike Moody" and the telephone number 703-304-3998.

That user also provided a recovery email address of mgmsaturn@yahoo.com.

22.     Law enforcement searched a pay-for service database for the telephone number

703-304-3998.  The database identified this number as being subscribed to by Michael G. Moody,

and the associated address is Moody's residence in Manassas Park, Virginia.

23.     Law enforcement also conducted open source queries for the email address

mgmsaturn@yahoo.com.  These queries led to the identification of an account with the video

application Tango, which was associated with that email address.  This account was in the name

"Mike Moody" and it contained a profile picture of a white male.

24.     A search of the Virginia Department of Motor Vehicle database located a driver's

license for Moody, date of birth XX/XX/1973, and the associated address is Moody's residence in

Manassas Park, Virginia. The individual depicted in the driver's license photograph appears to be the same white male as that depicted in the Tango profile picture.

25.     A driver's license was also located for Moody's wife, which included a driver's license photograph of a female who appears to be the same female depicted in the photograph described in paragraph 16, above.

26.     A search of Facebook.com revealed a Facebook page for Moody's wife, which contains pictures that appear to be the same female referred to in paragraphs 16 and 25. Other pictures on that page appear to depict Minor Victim 1.

27.     On Wednesday, February 21, 2018, this Court authorized a federal search warrant for Moody's residence in Manassas Park, VA. During the course of the search, law enforcement personnel encountered Moody outside the apartment building. FBI agents made contact with Moody and notified him that he was not under arrest. Moody voluntarily agreed to be transported and interviewed by agents at the Manassas Park Police Department. At this time, law enforcement located and seized a cell phone that was on Moody's person—i.e., the SUBJECT DEVICE. After agents and Moody arrived at that police department, Moody was again advised that he was not under arrest. Moody was given *Miranda* warnings and he voluntarily provided a statement.

28.     When asked why he thought law enforcement was at his residence, Moody stated that it was likely for "minor pictures." Specifically, he stated that over the last six to eight months, he has been using the internet to exchange images and videos of children under the age of 18 engaging in sexual activities with adults. He also stated that he did so while engaging in sexually explicit chats with others on the applications AdultFriendFinder and Kik. Moody advised that his account name for both of the applications was "MGMFREEDOM."

29. Moody further advised that he has repeatedly taken pictures of Minor Victim 1. He stated that many of these pictures depict Minor Victim 1 nude and with her genitals exposed. Moody also distributed these images and others through AdultFriendFinder and Kik. Moody was shown a redacted version of the second image referenced in paragraph 17, above, and he identified it as one he had taken of Minor Victim 1. Moody confirmed that the original, unredacted image depicted Minor Victim 1's naked vagina.

30. Moody offered to show law enforcement where he saves the images and videos of child pornography on the SUBJECT DEVICE. He advised that he uses a password-protected mobile application called KeepSafe to store images and videos of child pornography. He stated that pictures of Minor Victim 1 would be found in a folder within KeepSafe, and the title of this folder is a variation of Minor Victim 1's name. Moody voluntarily signed a consent form to allow agents to search the SUBJECT DEVICE.

31. Upon receiving this written consent, Special Agent Alix Skelton performed an initial review of the SUBJECT DEVICE and located multiple folders of images and videos in the KeepSafe application. Specifically, the folder bearing a variation of Minor Victim 1's name contained 135 image files, approximately 20 of which focus upon the naked exhibition of Minor Victim 1's genitals. Additionally, one image appears to show an adult male's finger penetrating Minor Victim 1's vagina. Upon being asked about the image, Moody confirmed that he had taken the picture and that the picture depicts him digitally penetrating Minor Victim 1's vagina. This image contains a timestamp of November 15, 2017.

32. The original, unredacted version of the second image referred to in paragraph 17 (also referred to in paragraph 29) was also discovered on the SUBJECT DEVICE. This image bears a timestamp of December 3, 2017.

15

33.   Another folder within the KeepSafe application on the SUBJECT DEVICE, entitled "Tiny," contained 330 images and 5 videos, the majority of which depict prepubescent children aged approximately 3-8 years old engaged in sexual acts or the exhibition of their genitals. These images include depictions of bondage and anal and vaginal penetration. Another folder entitled "Main Album" contained 427 images and 57 videos, the majority of which depicted prepubescent children aged 5-12 years old engaged in sexual acts or the exhibition of their genitals. Again, these images include images of bondage and anal and vaginal penetration. The folder also appears to contain multiple pictures that depict Minor Victim 1's naked genitals.

34.   Special Agent Skelton's review of the SUBJECT DEVICE also revealed that it had the Kik Messenger application installed, and that the user account associated with Kik is "MGMFREEDOM."

35.   Based on the information set forth above, FBI agents performed a probable-cause arrest of Moody in the evening of February 21, 2018. On February 22, 2018, Moody was charged by criminal complaint with production of child pornography in violation of 18 U.S.C. § 2251(a).

36.   The SUBJECT DEVICE is currently located at 2100 Jamieson Avenue in Alexandria, Virginia, within the Eastern District of Virginia.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

37.   Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

38.   *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct

evidence of the crimes described on the warrant, but also forensic evidence that establishes how the SUBJECT DEVICE was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the SUBJECT DEVICE because:

a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d. The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

f. I know that when an individual uses an electronic device to produce, distribute, or possess child pornography, the individual's electronic device will generally serve both as an instrumentality for committing the crime, and also as a storage medium for evidence of the crime. The electronic device is an instrumentality of the crime because it is used as a means of committing the criminal offense. The electronic device is also likely to be a storage medium for evidence of crime. From my training and experience, I believe that an electronic device used to commit a crime of this type may contain: data that is evidence of how the electronic device was used; data that was sent or received; and other records that indicate the nature of the offense.

39. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

//

//

//

//

//

## **CONCLUSION**

40.     Based on the foregoing, I respectfully submit that there is probable cause to search the SUBJECT DEVICE, further described in Attachment A, for the items set forth in Attachment B.


Christopher A. Ford
Special Agent
Federal Bureau of Investigation


Sworn to and subscribed to before me
this 27th day of February, 2018


_____ /s/_____
Ivan D. Davis
United States Magistrate Judge

**ATTACHMENT A**
Description of Property to be Searched

The property to be searched is an LG LS-993 cellular phone, serial number

703KPDT0082474 (the "SUBJECT DEVICE").  The SUBJECT DEVICE is currently located at

2100 Jamieson Avenue in Alexandria, Virginia.

This warrant authorizes the forensic examination of the SUBJECT DEVICE for the

purpose of identifying the electronically stored information described in Attachment B.

1

**ATTACHMENT B**
Description of Items to be Seized

The following materials, which constitute evidence of the commission of a criminal offense, contraband, the fruits of crime, or property designed or intended for use or which is or has been used as the means of committing a criminal offense, namely violations of Title 18, United States Code, Sections 2251 and 2252A:

1.  The SUBJECT DEVICE.

2.  Records and information relating to the production, distribution, transportation, receipt, or possession of visual depictions of minors engaged in sexually explicit conduct, including any visual depictions of children such as child pornography (as defined in 18 U.S.C. § 2256) and child erotica, and any records which may assist in the identification of those children.

2.  Records and information relating to the use of Kik Messenger or Adult Friend Finder, as well as records and information relating to the use of the username MGMFREEDOM on Kik Messenger, Adult Friend Finder, or any other platform.

3.  Evidence of who used, owned, or controlled the SUBJECT DEVICE at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

4.  Evidence of software that would allow others to control the SUBJECT DEVICE, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

5.  Evidence of the lack of such malicious software;

6. Evidence indicating how and when the SUBJECT DEVICE was accessed or used to determine the chronological context of SUBJECT DEVICE access, use, and events relating to crime under investigation and to the SUBJECT DEVICE user;

7. Evidence indicating the SUBJECT DEVICE user's state of mind as it relates to the crime under investigation;

8. Evidence of the attachment to the SUBJECT DEVICE of other storage devices or similar containers for electronic evidence;

9. Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the SUBJECT DEVICE;

10. Evidence of the times the SUBJECT DEVICE was used;

11. Passwords, encryption keys, and other access devices that may be necessary to access the SUBJECT DEVICE;

12. Documentation and manuals that may be necessary to access the SUBJECT DEVICE or to conduct a forensic examination of the SUBJECT DEVICE;

13. Records of or information about Internet Protocol addresses used by the SUBJECT DEVICE;

14. Records of or information about the SUBJECT DEVICE's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses; and

15. Contextual information necessary to understand the evidence described in this attachment.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.